## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>FEDERAL EMERGENCY<br>MANAGEMENT AGENCY,<br>500 C Street SW<br>Washington, DC 20472<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 18-cv-2470 |

## COMPLAINT

1.     Plaintiff American Oversight brings this action against the Federal Emergency Management Agency under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.     Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency

from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.     Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.     Defendant Federal Emergency Management Agency (FEMA) is a component of the U.S. Department of Homeland Security (DHS)—an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1)—and is headquartered in Washington, DC. FEMA has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7.     In September 2017, Puerto Rico and the U.S. Virgin Islands were devastated by Hurricanes Maria and Irma, storms reported to be among the most damaging in U.S. history. The administration has been criticized for its response to the storms and their aftermath.

8.     The administration's response to the hurricanes has been a subject of considerable congressional interest. In an effort to investigate the administration's response and determine what went wrong, Members of the House or Representatives Committee on Oversight and Government Reform have issued numerous requests for documents to relevant federal agencies,

and where the agencies failed to comply, members of the Committee have followed up with requests to the Chairman to issue subpoenas for those records.

9.      On April 19, 2018, American Oversight submitted FOIA requests to FEMA, seeking records related to the administration's response to the hurricanes, including records similar to those sought through the congressional requests, in order to shed light on the administration's response to Hurricanes Maria and Irma in Puerto Rico and the U.S. Virgin Islands.

10.     Specifically, on April 19, 2018, American Oversight submitted a FOIA request (the "Emergency Meals FOIA") to FEMA seeking:

> 1. All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, Lync, Google Hangouts, and WhatsApp), telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) concerning contracts awarded for bids received for contract solicitation number HSFE70-17-R-MARIAMEALS with external entities, including, but not limited to Tribune Contracting LLC, Filcor Inc., Hanna Brothers Enterprises LLC, Alliance Worldwide Distributing LLC, AmeriQual Group LLC, Sopacko Inc., Aguieus LLC, and Chef Minute Meals Inc.

> 2. Records sufficient to show all contracts related to the response to Hurricanes Maria and Irma in Puerto Rico and the U.S. Virgin Islands that have been cancelled, are in default, or have previously been in default.

11.     American Oversight sought all records from August 30, 2017, through the date of the search.

12.     Also on April 19, 2018, American Oversight submitted a FOIA request (the "Emergency Fuel FOIA") to FEMA seeking:

> 1. All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such

3

as Slack, Lync, Google Hangouts, and WhatsApp), telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between 1) FEMA and 2) Walmart and other food retailers in Puerto Rico (including, but not limited to, Selectos Supermarket, Supermercado Econo and Edwards Food Market) concerning A) requests for fuel from food retailers in Puerto Rico; B) retailer decisions to close for any period of time due to a lack of fuel or power; C) retailer decisions to dispose of, discard or throw away perishable or nonperishable products after Hurricanes Maria and Irma.

2. All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, Lync, Google Hangouts, and WhatsApp), telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between 1) FEMA and 2) any member of Congress or congressional staff concerning A) requests for fuel from food retailers in Puerto Rico; B) retailer decisions to close for any period of time due to a lack of fuel or power; C) retailer decisions to dispose of, discard or throw away perishable or nonperishable products after Hurricanes Maria and Irma.

3. All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, Lync, Google Hangouts, and WhatsApp), telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between 1) FEMA and 2) any officials of the government of Puerto Rico concerning A) requests for fuel from food retailers in Puerto Rico; B) retailer decisions to close for any period of time due to a lack of fuel or power; C) retailer decisions to dispose of, discard or throw away perishable or nonperishable products after Hurricanes Maria and Irma.

4. Any and all final memoranda, guidance, reports or summaries concerning, analyzing or referring to A) requests for fuel from food retailers in Puerto Rico; B) retailer decisions to close for any period of time due to a lack of fuel or power; C) retailer decisions to dispose of, discard or throw away perishable or nonperishable products after Hurricanes Maria and Irma; D) FEMA's response to requests for fuel and power assistance from food retailers in Puerto Rico.

13. American Oversight sought all records from August 30, 2017, through the date of the search.

14. Finally, also on August 19, 2018, American Oversight submitted a FOIA request (the "Hurricane Preparedness FOIA") to FEMA seeking:

> 1. All threat assessments, contingency plans, and plans related to preparedness and response to any potential or actual hurricane strike on Puerto Rico or the U.S. Virgin Islands received, sent, or prepared before September 5, 2017.
>
> 2. All other records responsive to Chairman Gowdy and Ranking Member Cummings' October 11, 2017 letter[] requesting records related to DHS's preparedness and response to Hurricanes Maria and Irma in Puerto Rico and the U.S. Virgin Islands.

15. American Oversight's request specifically identified the October 11, 2017 letter from Chairman Gowdy and Ranking Member Cummings in question by providing the following citation: Letter from Representative Trey Gowdy, Chairman & Representative Elijah Cummings, Ranking Mem., Comm. on Oversight and Government Reform, House of Representatives, to Elaine C. Duke, Acting Secretary, U.S. Dep't of Homeland Security (Oct. 11, 2017), https://oversight.house.gov/wp-content/uploads/2017/10/2017-10-11-TG-EEC-to-Duke-DHS-Hurricane-Document-Request.pdf.

16. American Oversight submitted a fourth FOIA request on a related topic to FEMA on April 19, 2018,[1] concurrently with the three FOIA requests described above. While FEMA acknowledged this fourth FOIA request—informally by phone on April 26, 2018, and formally by email and attached letter on April 27, 2018—FEMA did not specifically acknowledge the Emergency Meals FOIA, the Emergency Fuel FOIA, or the Hurricane Preparedness FOIA.

---

[1] This fourth FOIA request is not at issue in the instant action.

*Exhaustion of Administrative Remedies*

17.      As of the date of this Complaint, FEMA has failed to (a) notify American Oversight of any determinations regarding its requests, including the scope of any responsive records FEMA intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

18.      Through FEMA's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Records**

19.      American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

20.      American Oversight properly requested records within the possession, custody, and control of FEMA.

21.      FEMA is a component of an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

22.      FEMA has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's requests.

23.      FEMA's failure to conduct adequate searches for responsive records violates FOIA.

24.      Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring FEMA to promptly make reasonable efforts to search for records responsive to

American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records

25.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

26.     American Oversight properly requested records within the possession, custody, and control of FEMA.

27.     FEMA is a component of an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

28.     FEMA is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

29.     FEMA is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

30.     FEMA's failure to provide all non-exempt responsive records violates FOIA.

31.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring FEMA to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order FEMA to conduct searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests identified in this Complaint;

(2) Order FEMA to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin FEMA from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA request;

(4) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.


Dated: October 26, 2018                  Respectfully submitted,

                                         */s/ Austin R. Evers*
                                         Austin R. Evers
                                         D.C. Bar No. 1006999

                                         */s/ John E. Bies*
                                         John E. Bies
                                         D.C. Bar No. 483730

                                         */s/ Katherine M. Anthony*
                                         Katherine M. Anthony
                                         MA Bar No. 685150*
                                         *Pro hac vice* motion to be submitted

                                         AMERICAN OVERSIGHT
                                         1030 15th Street NW, B255
                                         Washington, DC 20005

(202) 897-3918
austin.evers@americanoversight.org
john.bies@americanoversight.org
katherine.anthony@americanoversight.org

*Member of the MA bar only; practicing in
the District of Columbia under the
supervision of members of the D.C. Bar while
application for D.C. Bar membership is
pending.

*Counsel for Plaintiff*